IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## STATE OF TENNESSEE v. ROBERT BLOCKER

**Direct Appeal from the Criminal Court for Hamilton County
No. 209398 and 209401   Douglas A. Meyer, Judge**

_____

**No. E1999-01624-CCA-R3-CD - Decided June 5, 2000**

_____

Defendant, Robert Blocker, appeals his jury convictions for felony murder and attempted especially aggravated robbery.  The defendant raises the following issues for our review: (1) whether the trial court erred when it failed to suppress statements the defendant made to the police department while being interrogated; (2) whether the prosecution failed to present sufficient evidence to establish that the defendant intended to commit a felony with the co-defendants; (3) whether the trial court erred by failing to allow testimony about the defendant's statements shortly after the crime; (4) whether the trial court erred in allowing the prosecution to question a co-defendant about his refusal to testify at his own trial; (5) whether the trial court erred in allowing the prosecution to argue facts not presented in evidence; (6) whether the trial court erred when it permitted the prosecution to conduct recross examination on matters not covered in redirect examination; and (7) whether the trial court erred in allowing the prosecution to impeach the defendant with testimony he gave during his juvenile court transfer hearing.  After thoroughly reviewing the record, we conclude a remand is necessary in order to determine the admissibility of the defendant's statements during interrogation.  The judgment of the trial court is **vacated,** and the case is **remanded** for a new hearing on the motion to suppress.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Vacated; Remanded.**

RILEY, J. delivered the opinion of the court, in which WOODALL and GLENN, JJ. joined.

John Allen Brooks, Chattanooga, Tennessee, for the appellant, Robert Blocker.

Paul G. Summers, Attorney General and Reporter; Peter M. Coughlan, Assistant Attorney General; William H. Cox III, District Attorney General; and Rodney C. Strong, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

During the evening of October 8, 1995, the 15 year-old defendant saw his cousin, 17 year-old Calvin Trammell.  While walking to Trammell's house, both individuals stopped at the home of the

defendant's brother, 17 year-old Delivetrick Blocker. According to defendant's pretrial statement, the three of them discussed calling a cab and robbing the driver. The three individuals walked to a nearby convenience store, where they placed a call to a local cab company. When the cab arrived, the cab driver was instructed to take the three individuals to a location about a half mile from the convenience store.

When the cab reached the location, the defendant's brother got out of the cab and put a sawed-off shotgun through the passenger side window, pointing it at the cab driver. The defendant's brother then demanded that the cab driver give him his money. The cab driver began to reach down beside the drivers seat, at which point the defendant's brother shot and fatally wounded the driver. The defendant's brother ran in one direction, and the defendant ran with Trammell in a different direction.

On October 23, 1995, the defendant, Calvin Trammell and Delivetrick Blocker were arrested in connection with the murder of the cab driver. All three were taken to the Chattanooga Police Department where they were interrogated. Each of the three individuals had a parent or guardian present during the questioning, and each waived his Miranda rights by signing a rights waiver. During questioning, each admitted involvement in the homicide.

At the juvenile level, the defendant filed an unsuccessful motion to suppress the statement given to the detectives. Further, a juvenile transfer hearing was conducted, and the case was transferred to adult court. Prior to trial, the criminal court held another hearing on the motion to suppress. The juvenile court transfer hearing transcript was admitted by agreement at the motion to suppress hearing, and the motion to suppress was again denied.

A criminal court jury found the defendant guilty of felony murder and attempted especially aggravated robbery. For the felony murder conviction the defendant was given a life sentence, and for the attempted especially aggravated robbery conviction the defendant was given a ten year sentence, both to run concurrently.[1]

The defendant appeals the convictions, alleging: (1) his statement was not freely and voluntarily given; (2) the prosecution failed to present sufficient evidence to show that he intended to commit a felony with the co-defendants; (3) the trial court erred by failing to allow testimony about the defendant's statements shortly after the crime; (4) the trial court erred in allowing the prosecution to question a co-defendant about his refusal to testify at his own trial; (5) the trial court erred in allowing the prosecution to argue facts not presented in evidence; (6) the trial court erred when it permitted the prosecution to conduct recross examination on matters not covered in redirect

_____

[1]Defendant, Calvin Trammell and Delivetrick Blocker were all tried separately. Delivetrick Blocker was convicted of felony murder and especially aggravated robbery, the latter conviction being reduced to attempted especially aggravated robbery. He received consecutive sentences of life without the possibility of parole and 9 years, respectively. Trammell was convicted of attempted aggravated robbery and received a sentence of 5 years.

examination; and (7) the trial court erred in allowing the prosecution to impeach the defendant with testimony he gave during his juvenile court transfer hearing.

## DEFENDANT'S CLAIMS

### (1) Voluntariness of Statement

The defendant contends that the trial court erred when it failed to suppress his statement he gave to the detectives during interrogation, claiming such statement was not freely and voluntarily given. A number of factors must be considered in determining whether or not the defendant voluntarily, knowingly and intelligently waived his Miranda rights.

### A. Standard of Review

The trial court's determination at the suppression hearing that the statement was voluntary is presumptively correct on appeal. State v. Stephenson, 878 S.W.2d 530, 544 (Tenn. 1994). This determination is binding unless the evidence in the record preponderates against that finding. State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999).

When determining whether an accused has voluntarily, knowingly and intelligently waived his Miranda rights, this court must consider the totality-of-the-circumstances which existed when the accused waived these rights. Miranda v. Arizona, 384 U.S. 436, 444, 16 L.E.2d 694, 724 (1966); State v. Callahan, 979 S.W.2d 577, 581 (Tenn. 1998); State v. Middlebrooks, 840 S.W.2d 317, 326 (Tenn. 1992); State v. Benton, 759 S.W.2d 427, 431 (Tenn. Crim. App. 1988).

Where the defendant is a juvenile and contends that his or her waiver of Miranda rights was not voluntarily, knowingly and intelligently made, such waiver "shall be analyzed under the totality-of-the-circumstances test." Callahan, 979 S.W.2d at 583. Under the "totality-of-the-circumstances test the facts must reveal an uncoerced choice and the required level of comprehension before a court can properly conclude that Miranda rights have been waived." State v. Blackstock, __ S.W.3d __, __ (Tenn. 2000). When examining juvenile Miranda waivers, this court must closely examine the following factors: (1) all circumstances surrounding the interrogation, including, but not limited to the juvenile's age, experience, education, and intelligence; (2) the juvenile's capacity to understand the Miranda warnings and the consequences of the waiver; (3) the juvenile's familiarity with Miranda warnings or the ability to read and write in the language used to give the warnings; (4) any intoxication; (5) any mental disease, disorder or retardation; and (6) the presence of a parent, guardian, or interested adult. Callahan, 979 S.W.2d at 583. However, one of these factors, standing alone, will not necessarily render a waiver of the Miranda rights invalid. Id.

### B. Suppression Hearing

The primary issues at the suppression hearing were whether the officers advised the defendant of his Miranda warnings prior to his pretrial statement, and whether he was coerced and intimidated into making the statement. This was primarily a factual dispute between the defendant

and his mother versus the officers. The trial court concluded that the officers had advised the defendant of his <u>Miranda</u> warnings prior to his pretrial statement, and further found that the defendant was not coerced by the officers into making his statement. Since these were primarily credibility issues, the evidence at the suppression hearing does not preponderate against these findings. Therefore, based upon the testimony received at the suppression hearing, the trial court did not err in refusing to suppress defendant's pretrial statement.[2] However, that does not end our inquiry.

C. Trial Testimony

Tennessee follows the majority view that "appellate courts may consider evidence adduced at trial in evaluating the correctness of a pretrial ruling on a motion to suppress." <u>State v. Henning</u>, 975 S.W.2d 290, 297-98 (Tenn. 1998). There was significant and substantial testimony bearing on the issue of voluntariness of the confession that was introduced at trial but not introduced or considered in the motion to suppress. Specifically, there was no expert testimony at the suppression hearing and no testimony concerning the juvenile defendant's intelligence level, capacity to understand the consequences of his <u>Miranda</u> waiver, or mental condition. These are relevant factors to consider in determining the propriety of a juvenile's <u>Miranda</u> waiver. <u>Callahan</u>, 979 S.W.2d at 583. Most of the following evidence, which was introduced at trial, was never presented or considered at the motion to suppress hearing. We examine this evidence in light of the factors to be considered in determining whether the juvenile voluntarily waived his <u>Miranda</u> rights. <u>Id</u>.

In October 1995, the defendant was a 15 year-old juvenile, was approximately 5' 2" tall, weighed 90 pounds, and had an IQ of 80. While the defendant was 15 years old, the defendant was functioning with the mind set of a 12 or 13 year-old child.[3]

The defendant had entered the ninth grade a few weeks before the crimes in this case occurred. However, records indicate that the defendant dropped out of school shortly thereafter. Further, the defendant had an unstable academic history.

Aside from having a low IQ, the defendant was diagnosed with Attention-Deficit/Hyperactivity Disorder, which caused him to be easily distracted and prone to acting impulsively without thinking through the consequences. The defendant's Attention-Deficit/Hyperactivity Disorder existed for at least two years. The record also indicates the

---

[2]Co-defendant Delivetrick Blocker was tried separately and convicted of felony murder and especially aggravated robbery. He likewise sought to suppress his pretrial statement on the same grounds as the defendant. This court affirmed the trial court's refusal to suppress his statement. <u>State v. Delivetrick D. Blocker</u>, C.C.A. No. 03C01-9803-CR-00120, Hamilton County (Tenn. Crim. App. filed March 10, 1999, at Knoxville). This court also reduced the especially aggravated robbery conviction to attempted especially aggravated robbery.

[3]Co-defendants Trammell and Delivetrick Blocker were 17 years of age.

defendant had been "seriously emotionally disturbed" since the age of ten, and school officials had recommended that the defendant undergo psychological testing when he was 13.

A psychological examination of the defendant performed after the crimes revealed that the defendant was a submissive person who was easily led by others. Testimony at trial by the examining psychiatrist established that as a result of such characteristic, the defendant would have been easily led by others during the interrogation. Further, testimony was given by both the detectives and the defendant's mother that the defendant was pressured by his mother to answer the detective's questions.

The record indicates that the defendant's mother was present when the defendant waived his Miranda rights. However, at trial she conceded she was under the influence of crack cocaine when she was at the police station with the defendant. Further, the defendant's mother testified that she wanted the defendant to hurry up and tell the detectives what they wanted to know so she could leave. Finally, the defendant's mother threatened to leave the defendant if he did not cooperate. While the defendant's mother was physically present at the interrogation, her actions were coercive.

Finally, testimony was received regarding the defendant's ability to comprehend the Miranda warnings. Expert testimony indicated that the juvenile defendant could understand the words of the Miranda warnings, but he had problems understanding the effect of the Miranda warnings.

D. Our Determination

Although we have a right to consider this trial testimony, we are reluctant to conclusively determine the effect of this testimony upon the voluntariness of the statement that the defendant has sought to suppress. We were not present to judge the credibility of the witnesses at the motion to suppress or at the trial. Further, the trial court has not had an opportunity to address this issue in light of the trial testimony. Thus, we believe it to be appropriate to remand the suppression issue for another hearing. In doing so, we recognize that the trial court is not responsible for the necessity of the remand. At the suppression hearing the trial court properly ruled based upon the evidence presented at the hearing. Nevertheless, a remand is necessary in light of the evidence introduced at trial.

(2) Sufficiency of the Evidence

The defendant contends that the prosecution failed to present sufficient evidence to show that the defendant intended to commit a felony with the co-defendants. On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994). This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any

rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

Viewing the evidence in a light most favorable to the state, as we must, the defendant had engaged in a conversation about robbery with his co-defendants prior to the victim being robbed and shot. According to the defendant's statement, he knew his brother had a gun when he got into the cab. As long as the intent exists to commit the robbery prior to or concurrent with the killing, the underlying felony is transferred to elevate an unintentional killing to felony murder. State v. Buggs, 995 S.W.2d 102, 107 (Tenn. 1999). The fact that the defendant may not have intended that a killing take place is not determinative. A defendant is criminally responsible for the crime of his co-defendant as the natural and probable consequence of the contemplated armed robbery. State v. Carson, 950 S.W.2d 951, 956 (Tenn. 1997). A rational trier of fact could conclude the defendant had the requisite intent to commit the armed robbery with his co-defendants prior to the time the killing took place. Accordingly, the evidence is sufficient to support the guilty verdict.

### (3) Exculpatory Statement

The defendant contends that the trial court erred by failing to allow testimony that tended to exculpate the defendant. Specifically, the defendant wished to introduce testimony from Trammell that defendant made an exculpatory statement while they were fleeing from the scene. A review of the record shows that after an objection was sustained on grounds of hearsay, there was no offer of proof as to what the testimony would have been. We will not speculate as to the nature of this testimony. This issue is waived. *See* Tenn. R. Evid. 103; Tenn. R. App. P. 36(a).

### (4) Co-Defendant's Testimony

The defendant contends that the trial court erred in allowing the prosecution to ask co-defendant Trammell, "Okay, when you had an opportunity to testify in your own trial, did you?" However, we note that Trammell had earlier testified without objection that he did not testify at his trial. Furthermore, we note that Trammell never responded to the subject question after counsel objected. Since defendant has demonstrated no prejudice, this issue is without merit. Tenn R. App. P. 36(b).

### (5) Closing Argument

The defendant contends that the trial court erred in allowing the prosecution to argue facts not presented in testimony. Specifically, the defendant contends that the prosecuting attorney incorrectly summarized the testimony of the defendant's mother. However, our review of the record shows that the prosecuting attorney's statement was accurate. This issue is without merit.

### (6) Scope of Recross Examination

-6-

The defendant contends that the trial court erred when it permitted the prosecution to conduct recross examination on grounds not covered in redirect examination. The scope of questions asked when examining a witness is at the trial court's discretion, and this court will not disturb such a decision absent an abuse of that discretion. State v. Barnard, 899 S.W.2d 617, 624 (Tenn. Crim. App. 1994). This court finds no abuse of discretion by the trial court.

### (7) Juvenile Court Testimony

The defendant contends that the trial court erred in allowing the prosecution to impeach the defendant with testimony he gave during his juvenile court transfer hearing. At trial the defendant testified that he initially said nothing to the officers about the offense. He was then impeached with his juvenile hearing testimony in which he stated that he told the officers he "didn't have anything to do with it."

Pursuant to Tenn. Code Ann. § 37-1-134(f)(1), "[s]tatements made by the child at the juvenile court hearing...are not admissible against the child over objection in the criminal proceedings following the transfer." The state contends the statute was not designed to prohibit impeachment evidence. The statute, however, has no such exception. Regardless, we conclude that if the trial court erred in allowing this evidence, it was harmless. Tenn. R. App. P. 36(b).

### CONCLUSION

This court vacates the convictions of the defendant and remands this case for another hearing on the motion to suppress. The parties may rely upon evidence already in the record and/or may introduce additional evidence relevant to this issue. If the trial court overrules the motion to suppress, it shall enter an order accordingly and reinstate the judgments of conviction from which the defendant may appeal. If the trial court grants the motion to suppress, it should grant a new trial in which the defendant's pretrial statement will not be introduced.[4]

---

[4]Although this procedure is unusual, similar orders of remand have been utilized by this court. See State v. Keith Slater, C.C.A. No. 01C01-9709-CC-00435, Giles County (Tenn. Crim. App. filed January 27, 1999, at Nashville); State v. William Chouinard, C.C.A. No. 03C01-9311-CR-00357, McMinn County (Tenn. Crim. App. filed February 9, 1995, at Knoxville).